UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAXINE BLEAKLEY,

        Plaintiff,

   v.

BIRDCAGE SHOPPING CENTER, TARGET CORPORATION, and DOES 1-20,

        Defendants.
                                    /

NO. CIV. 2:10-332 WBS EFB

MEMORANDUM AND ORDER RE: REMAND

----oo0oo----

Plaintiff Maxine Bleakley brought this action in state court against defendants Birdcage Shopping Center ("BSC") and Target Corporation ("Target") alleging premises liability and negligence under California law and asking for compensatory damages. (Notice of Removal, (Docket No. 1) Ex. A.) Defendant Target subsequently removed the action to this court on the basis of diversity jurisdiction. (Id.); 28 U.S.C. § 1441(b). Before the court is plaintiff's motion to remand the action to state court.

1

I.  <u>Factual and Procedural Background</u>

        Plaintiff is a disabled person who was allegedly injured on February 7, 2007, in a Citrus Heights Target parking lot.  (Pl.'s Mem. in Supp. of Mot. to Remand, at 1 (Docket No. 13).)  Target provided her with a motorized scooter, with which she transported herself through the parking lot and toward her car.  (<u>Id.</u>)  Plaintiff allegedly drove the scooter over a speed bump in the parking lot when it to come to an abrupt stop and caused the scooter handle to hit plaintiff's left hand.  (<u>Id.</u>)  A Target employee allegedly led plaintiff over the speed bump.  (<u>Id.</u>)  Plaintiff alleges injuries resulting from the scooter accident, including pain and limited mobility in her left hand and wrist, a recurrent cyst on her left thumb, and scarring of her left middle finger and palm.  (<u>Id.</u> at 2.)

        On February 9, 2009, plaintiff filed this action in Sacramento County Superior Court.  (Notice of Removal Ex. A.)  Plaintiff has alleged, among other things, that a speed bump in the Target parking lot was too high for motorized scooters and that the parking lot was configured in a manner that encouraged disabled persons to direct such scooters over the speed bump.  (<u>Id.</u>)  Plaintiff alleged that defendants were negligent in the organization, configuration, maintenance, and operation of the parking lot by designing, installing, and maintaining an excessively high speed bump in an area configured for disabled access and by failing to warn of the hazard, and requested compensatory damages.  (<u>Id.</u>)  BSC has never appeared in the state court action and has made no appearance before this court.  On

2

February 8, 2010, Target filed a notice of removal, based upon diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (Notice of Removal.) Plaintiff filed the instant motion to remand on March 1, 2010, arguing that Target has failed to establish diversity or meet its burden to show that the action meets the amount in controversy requirement of $75,000, making Target's removal of this action improper. (Docket No. 12.)

II. Discussion

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). A district court will have original jurisdiction based on diversity when the amount in controversy is greater than $75,000 and there is complete diversity between the parties--i.e., the parties are "citizens of different states." 28 U.S.C. § 1332(a). When a plaintiff moves to remand a case, the defendant bears the burden of establishing that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any questions regarding the propriety of removal are resolved in favor of the party moving for remand. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

Target's Notice of Removal states that removal is appropriate on the basis of diverse parties because Target is the

3

only defendant that had been served with a Summons and Complaint at the time of removal, and because Target is incorporated as a Minnesota corporation and has its principal place of business there.  (Notice of Removal ¶ 4.)  Target attached a copy of a computer print-out from the California Secretary of State's database as evidence that Target is a Minnesota corporation with its principal place of business in Minnesota.  (Mordaunt Decl. in Support of Removal (Docket No. 2) Ex. 1.)  Target subsequently dropped its argument that BSC had not been served, and now argues that BSC was fraudulently joined such that its citizenship should not be considered for the purpose of establishing diversity jurisdiction.  (Opp'n to Pl.'s Mot. to Remand (Docket No. 19), at 4-5.)

     A.   <u>Target's Citizenship</u>

         Plaintiff argues that Target has not met its burden to establish its citizenship through evidentiary objections to Mourdant's declaration.  Plaintiff challenges Mourdant's declaration as violating Federal Rule of Evidence 602 (Pl.'s Obj. to Mourdant Decl. (Docket No. 15) ¶ 1).  Specifically, plaintiff asserts that Mourdant's statement that "I am informed of and believe that" Target is a Minnesota corporation with its principal place of business there is not admissible because it is not based on Mourdant's personal knowledge.  (Pl.'s Mem. in Supp. of Mot. to Remand, at 4; (Pl.'s Obj. to Mourdant Decl. ¶ 1; <u>see</u> (Mordaunt Decl. in Support of Removal.)  Federal Rule of Evidence 602 requires the introduction of evidence "sufficient to support a finding that the witness has personal knowledge" of the matter testified to.  Mourdant attached to his declaration a print-out

4

1  from the California Secretary of State's website indicating
2  Target's place of incorporation and address.  This is sufficient
3  to satisfy Rule 602, and plaintiff's objection is overruled.
4           Plaintiff also challenges the exhibit attached to
5  Mourdant's declaration as not within the scope of Federal Rule of
6  Evidence 1005's exception to the best evidence rule for copies of
7  public records.  (Pl.'s Reply to Target's Opp'n to Mot. to Remand
8  (Docket No. 20, at 3; see Mordaunt Decl. in Support of Removal
9  Ex. 1.)  While the California Secretary of State website's
10 business record page is neither an official state document nor a
11 certified copy that would fall under Rule 1005, it is admissible
12 under Rule 1003 because there is no "genuine question as to the
13 authenticity" of the record.  Plaintiff does not contest the
14 record's authenticity or provenance, and because the record is
15 generated by an official government website its accuracy is not
16 reasonably in dispute.  Indeed, courts in this and other
17 districts frequently take judicial notice of such print-outs
18 pursuant to Federal Rule of Evidence 201(b).  See, e.g., Edejer
19 v. DHI Mortg. Co., No. 09-1302, 2009 WL 1684714, at *4 (N.D. Cal.
20 June 12, 2009); East Bay Mun. Util. Dist. v. Nat'l Union Fire
21 Ins. Co. of Pittsburgh, Pa., No. 09-614, 2009 WL 975442 (N.D.
22 Cal. Apr. 10, 2009); Piazza v. EMPI, Inc., No. 07-954, 2009 WL
23 590494, at *4 (E.D. Cal. Feb. 29, 2008); see also Denius v.
24 Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial
25 notice of information on official government website).
26 Plaintiff's objection is therefore overruled.
27          Plaintiff's primary objection to the California
28 Secretary of State record concerns whether the record provides

5

sufficient detail with which to determine Target's citizenship. (Pl.'s Reply to Target's Opp'n to Mot. to Remand, at 3.) A corporation is deemed a citizen of the state under which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c); see <u>Hertz Corp. v. Friend</u>, --- U.S. —--, 130 S. Ct. 1181 (2010) (holding that a corporations "principal place of business" for diversity purposes is the corporation's "nerve center," which is ordinarily its headquarters). The record provided in Mourdant's declaration includes a hyperlink to "Field Descriptions and Status Definitions" which describe the various fields presented on the record. (Mourdant Decl. in Supp. of Removal Ex. 1.) Following the hyperlink on the Secretary of State's website provides a list of field descriptions used on the business entity detail pages that defines "Jurisdiction" as "The state or country under which laws a business entity was organized," and "Entity Address" as "The executive office or mailing address of a business entity." California Secretary of State, Business Search, Field Descriptions and Status Definitions, www.sos.ca.gov/business/be/cbs-field-status-definitions.htm (last visited April 7, 2010). The "Jurisdiction" entry clearly refers to the state in which Target is incorporated, which is Minnesota. The "Entity Address" entry likewise indicates that Target's principal place of business is in Minnesota. Target has therefore met its burden to show that it is a non-resident defendant.

  B. <u>Fraudulent Joinder of BSC</u>

    The Court "may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the

6

non-diverse party is joined as a sham or if the joinder is fraudulent." Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse party is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe, 811 F.2d at 1339). The Court will deem a party to have been joined fraudulently only after resolving "all disputed questions of fact and ambiguities in the controlling state law . . . in the plaintiff's favor" and finding "the plaintiff could not possibly recover against the party whose joinder is questioned." Soo v. United Parcel Service, Inc., 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999) (internal citations omitted). Thus, a defendant must prove fraudulent joinder by clear and convincing evidence and "[t]here is a strong presumption against a finding of fraudulent joinder, and the removing defendant bears a heavy burden of persuasion to justify such a finding." Adams v. FedEx Corp., No. 05-3469, 2005 WL 3371067, *3 (N.D. Cal. Dec. 12, 2005).

In order to determine if a defendant is properly joined, the court may consider extrinsic facts "showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339. The Ninth Circuit has endorsed the view that, while the court may consider facts outside the complaint, "a summary inquiry is appropriate

7

only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). The Ninth Circuit further explained that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and "an inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id. (quoting Smallwood, 385 F.3d at 573-74).

As a preliminary matter, the court notes that Target has not made any showing as to what BSC's citizenship might be. Plaintiff's counsel has represented, and the parties do not seem to dispute, that in another action BSC represented that its principal place of business is in California. The court, therefore, will assume for purposes of establishing jurisdiction that BSC is a resident defendant.

Plaintiff objects to Mourdant's declaration in support of Target's Opposition to plaintiff's motion to remand as failing to show Mourdant's personal knowledge for authenticating the letter as required by Rule 602. (Pl.'s Objs. to Mourdant Decl. (Docket No. 21) ¶ 1; Opp'n to Pl.'s Mot. to Remand, Mourdant Decl. ¶ 2.) Plaintiff also objects to the exhibit itself as not authenticated and inadmissible hearsay in violation of Rules 802 and 901. (Pl.'s Objs. to Mourdant Decl. ¶ 2; Opp'n to Pl.'s Mot. to Remand, Mourdant Decl. Ex A.) Mourdant's declaration merely states that the letter was attached to plaintiff's response to

8

the Request for Production of Documents served in the state court case on December 9, 2009.  The letter clearly qualifies as unauthenticated hearsay not subject to any exception; plaintiff's objections are therefore sustained.

Plaintiff charges BSC and Target jointly and identically for the negligent ownership, maintenance, management, and operation of the speed bump and parking lot.  (Notice of Removal Ex. A.)  While Target proposes to stipulate to the fact that it currently owns and operates the parking lot in which plaintiff was allegedly injured (Opp'n to Pl.'s Mot. to Remand, at 4:26-28; Id. Mourdant Decl. ¶ 3), Target does not represent that it designed the parking lot.  Plaintiff's causes of action against Target and BSC are based on multiple theories of liability that do not depend on ownership of the parking lot.  Even if Target owns the parking lot in which plaintiff was injured, plaintiff has multiple potential avenues of pursuing litigation against BSC for the design, installation, maintenance, control, and management of the parking lot.  Target has not met its heavy burden to show that there is no possible cause of action against BSC for premises liability, and BSC is therefore properly joined as a defendant.

Because Target has not met its burden to show that BSC was fraudulently joined and has neither offered evidence that BSC is a diverse party under 28 U.S.C. § 1332 nor obtained BSC's consent to removal as required by 28 U.S.C. § 1446(a), Target improperly removed this action from state court.

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED, and this action be,

and the same hereby is, REMANDED to Superior Court of the State of California in and for the County of Sacramento.

DATED: April 13, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10